DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DITECH FINANCIAL LLC,** f/k/a **GREEN TREE SERVICING LLC,**
Appellant,

v.

**VELETTA M. WHITE,** et al.,
Appellees.

No. 4D16-3213

[July 26, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. CACE15004127.

Steven G. Hurley of Timothy D. Padgett, P.A., Tallahassee, for appellant.

No appearance for appellees.

METZGER, ELIZABETH A., Associate Judge.

Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC ("Bank"), appeals the final order of dismissal entered in favor of Valetta White ("Homeowner"). The Bank asserts that the trial court improperly granted the Homeowner's motion to dismiss the complaint for lack of subject matter jurisdiction. We agree and reverse.

The Homeowner executed a note and mortgage in favor of the lender.[1] The note and mortgage were recorded in August 2006. The Bank filed a mortgage foreclosure action against the Homeowner and others in March 2015, due to non-payment on the note (the "Foreclosure Action"). The Courts of Inverrary Condominium Association, the homeowners' association for the subject property (the "Association"), was a named defendant in the Foreclosure Action. A month earlier, in February 2015, the Association recorded a lis pendens and filed a separate lien foreclosure action against the Homeowner. The Bank was not a named party in the Association's foreclosure action.[2] In July 2015, a default was entered against the Homeowner in the Foreclosure Action. On March 23,

_____
[1] The Homeowner did not challenge, either before the lower court or on appeal, the Bank's standing to file the Foreclosure Action.

[2] The Association voluntarily dismissed its lien foreclosure action on May 8, 2015.

2016, a Final Judgment of Foreclosure was entered against the Homeowner and all named defendants. A foreclosure sale was set for April 27, 2016.

On April 1, 2016, the Homeowner filed a pleading entitled "Verified Motion to Vacate Default, Dismiss Complaint for Lack of Subject Matter Jurisdiction, Vacate Judgment as Void" (the "Motion"). The Motion primarily relied upon section 48.23(1)(d), Florida Statutes (2016). Section 48.23(1)(d), Florida Statutes, provides in part that the recording of a notice of lis pendens "constitutes a bar to the enforcement . . . of all interests and liens . . . **unrecorded at the time of recording the notice** unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice." (Emphasis added). The Homeowner argued the trial court lacked subject matter jurisdiction over the Foreclosure Action inasmuch as the Bank improperly filed the Foreclosure Action versus intervening in the Association's lien foreclosure action. It was the Homeowner's position that section 48.23(1)(d), Florida Statutes, barred the Bank from separately filing the Foreclosure Action, and required the Bank to intervene in the Association's lien foreclosure action to seek a foreclosure remedy against the Homeowner. The lower court agreed with the Homeowner's argument, granted the Motion, and dismissed the Foreclosure Action.[3]

We conclude the trial court erred when it found the court lacked subject matter jurisdiction over the Foreclosure Action. The lower court's ruling was based upon a misinterpretation of section 48.23(1)(d), Florida Statutes. Section 48.23(1)(d), Florida Statues, only acts to preclude enforcement of liens unrecorded at the time a lis pendens is recorded. It is undisputed that the Bank recorded its interest in the subject property years *prior* to the Association's lis pendens filing/lien foreclosure action. The Bank was free to separately file the Foreclosure Action. The trial court did not lack subject matter jurisdiction.

Based upon the foregoing, we reverse the trial court's final order of dismissal and order vacating default, and remand for further proceedings consistent with this opinion.

CIKLIN and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[3] The order dismissing the Foreclosure Action for lack of subject matter jurisdiction also stated "the motion to vacate default must likewise be granted." It is clear the lower court vacated the default due to lack of subject matter jurisdiction versus any other finding.